THE MUNICIPALITY OF SAN LORENZO, ETC., Petitioner, v. SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, JAIME FRANK PAGANACCI, JUDGE, Respondent; MARCELO MEDINA PEDRAZA, Intervener.

No. C-62-36. Decided October 16, 1962.

*R. Arjona Siaca* for petitioner. *Carmelo Avila Medina* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Intervener worked for the Municipality of San Lorenzo from January 1, 1954 to December 31, 1959. He drove the municipal hospital ambulance. He alleges that during that period he worked in excess of eight hours a day and forty-eight hours a week. For the extra work performed he claims the sum of $12,245.04 at double rate for each hour worked in excess of eight hours a day and for each hour worked in excess of forty-eight hours a week. He rests his claim on the provisions of Minimum Wage Decree No. 4 — 29 R.&R.P.R. § 245n-57—which provides that "no employer shall employ any worker in the hospital, clinic, or sanatorium service for more than 8 hours in any period of 24 consecutive hours; nor for more than 48 hours in any week unless he pays said worker for work done in excess of said 8 hours or 48 hours at the rate of at least twice the wage rate he is then receiving."

Defendant municipality filed a motion to dismiss alleging that the decree on which the claim rested "does not apply to the municipal charity services rendered by the municipalities of Puerto Rico in their hospital establishments to the persons in need of those services, without receiving compensation of any kind."

The appellate court denied the dismissal sought. It was of the opinion that the decree relied on was applicable. We issued a writ of certiorari to review this determination.

The question for decision is, therefore, whether the provisions of Minimum Wage Decree No. 4 apply to employees of municipal charity service.

Mandatory Decree No. 4, fixing minimum wages, maximum working hours, and working conditions in hospitals, clinics, and sanatoriums, was originally promulgated on May 8, 1943. It was approved under the authority granted by § 6 of Act No. 8 of April 5, 1941—29 L.P.R.A. § 216. That decree contained a provision to the effect that "by hospital, clinic, or sanatorium shall be meant, without this being understood to be a limitation, any establishment, *public* or private, where medical assistance is offered or sick persons are hospitalized." (Italics ours.) Evidently, the doubt arose as to whether the Board had authority to fix minimum wages and working conditions for employees of public hospitals, clinics and sanatoriums. And Act No. 8 of 1941 was amended by Act No. 217 of May 11, 1945, adding the following provision in § 30 of the original Act:

"This Act shall not be applicable to persons employed in the domestic service in a family residence, among which chauffeurs, persons employed by the United States of America, The People of Puerto Rico, or the municipalities thereof, shall not be understood to be included, neither shall persons employed in the service of hospitals, clinics, and sanatoriums, or with corporations, authorities, or other analogous organizations created or controlled in part by said governments, be understood to be included, as far as the regulations and decrees heretofore or hereafter issued by the board is concerned."

The 1945 amendment provides that the Minimum Wage Act shall not be applicable to employees in the domestic service, but expressly excludes chauffeurs from the exception; that it shall not be applicable to persons employed by the Government of the United States, by the Government of Puerto Rico, and by the municipal governments, but it then goes on to provide that the persons employed in the service of hospitals, clinics, and sanatoriums, or in the corporations,

authorities, or other analogous organizations created or controlled in part by those governments, shall not be included within this exception.

., Thus, the Minimum Wage Board, after the 1945 amendment, had authority to fix minimum wages and other working conditions for employees of hospitals, clinics, and sanatoriums of the municipalities of Puerto Rico. And it expressly established that its provisions would be applicable to the decrees already issued, thereby confirming the Board's former actions.

However, in 1951 the Legislative Assembly again amended § 30 of the Act of 1941. On this occasion it added a provided clause which reads thus:

"*Provided,* That the minimum wages fixed by the regulations and decrees hereafter issued by the Board for persons working in the services of hospitals, clinics and sanatoriums, shall not be applicable to those working in hospitals, clinics and sanatoriums of the municipal governments, *but all other provisions of such regulations or decrees shall be applicable thereto.*" (Italics ours.)    Act No. 439 of May 15, 1951, 29 L.P.R.A. § 241.

The 1951 amendment divested the Minimum Wage Board of authority to fix minimum wages for the employees of hospitals, clinics, and sanatoriums of the municipal governments, but it expressly established its authority to regulate working conditions in providing that all other provisions of such decrees shall be applicable thereto. After this amendment the Board had no authority to fix minimum wages for these employees, but it had authority to establish working conditions. ,

Under the Act as thus amended the Minimum Wage Board approved New Mandatory Decree No. 4, relied on by the intervener in support of his claim. This decree took effect on July 1, 1951. And that decree expressly establishes that its provisions on minimum wage, guarantee of minimum weekly compensation, and deductions for services

"shall not be applicable to the employees of hospitals, clinics, or sanatoriums of municipal governments." 29 R.&R.P.R. § 245n–52. All the other provisions, including the provision invoked by the intervener relative to minimum working periods, are applicable to municipal employees. It is so authorized by the 1951 amendment.

In 1956, by Act No. 96 of June 26, 1956 the Legislative Assembly repealed the Act of 1941, but expressly established in § 40—29 L.P.R.A. § 246k, subd. (b), 1961 Supp.—that "the provisions contained in the mandatory decrees in force on the date this act is approved, other than those relative to minimum wage, shall subsist with full force and effect even if the Board shall subsequently, by decree or order to that effect, change the minimum wage rates."

In its report to the Houses, the Joint Committee which studied the bill which became the Minimum Wage Act of 1956 stated as follows:

"Pursuant to the existing Act (Act of 1941), it has been the duty and authority of the Board to fix minimum salaries and other general working conditions such as vacation, sick leave, maximum working periods, etc. The Joint Committee has arrived at the conclusion that the main function of the Minimum Wage Board ought to be the fixing of minimum wages, and that the other working conditions should be left for negotiation and collective bargaining between employers and laborers. To that effect, the functions of the Board are limited in the bill to the fixing and review of minimum wages although, as pointed out above, *the other provisions concerning general working conditions which are actually included in the existing decrees shall remain in effect so that they may prevail until they are amended or modified at some time by the Legislative Assembly.*" (Italics ours.) VIII–III Journal of Sessions of the Legislative Assembly 1067 (1956).

In 1948 the Legislative Assembly enacted Act No. 379. It established the maximum daily, weekly, and monthly working period and it provided that the hours worked in

excess of the statutory limit would be paid at double rate. It expressly excepted from its provisions the employees of the Insular Government and those of the municipal governments, including that of the Capital. Appellant contends that by virtue of this statute the Board was without power to regulate the working periods of employees of hospitals, clinics, and sanatoriums of the municipal governments. It maintains that the decrees of the Board yielded to the conclusive provision that the Act did not apply to the municipal governments.

The position taken by appellant ignores the provision of § 22 of the Act of 1948—29 L.P.R.A. § 271 note—which expressly provided ". . . that Act No. 8 . . . approved April 5, 1941 . . . and the mandatory decrees promulgated by the Minimum Wage Board created by that Act . . . shall remain in full force and effect." Hence, all the provisions of the Act of 1941 and all the mandatory decrees remained in force. *Caguas Bus Line* v. *Comm'r of Labor*, 73 P.R.R. 690 (1952). That is why, as pointed out above, the Legislative Assembly amended in 1951 the Act of 1941 limiting the power of the Board to regulate the employees of hospitals, clinics, and sanatoriums only as respects the working conditions. It acted in consonance with the provision contained in the Act of 1948 to the effect that the Minimum Wage Act of 1941 "shall remain in full force and effect." And we have also seen already that the Act of 1956, which repealed that of 1941, also preserved the validity of all mandatory decrees.

It is therefore clear that the provisions of Wage Decree No. 4, limiting the working period of the employees of hospitals, clinics, or sanatoriums of the municipal governments is in full force. In an opinion rendered on February 7, 1962 by the Secretary of Justice, in considering the question raised in an inquiry, concludes that Minimum Wage Decree No. 4 is in force and that it is applicable to

employees of hospitals, clinics, and sanatoriums of the municipal governments.

■ In resisting the position taken by the intervener to the effect that his claim is not a minimum-wage claim, appellant contends that every claim for extra hours is in the last instance a minimum-wage claim. We do not agree. The decree establishes a limit to the working period—eight hours a day, forty-eight hours a week—and in order that such limit be actually effective it provides that services rendered in excess of the limit shall be compensated at double rate. It is in fact a penalty. It is the way provided by the Act to compel compliance with its authority. It can not be considered at all as a minimum-wage provision. In *Compañía Popular* v. *District Court*, 63 P.R.R. 116 (1944), this Court suggested that that is the best way for asserting the right of every laborer to a weekly day of rest. The same applies to the eight-hour period. There we said at p. 126:

". . . Let heavy penalties be imposed on the employer who did not grant the workman said 'valuable rest,' and what is still of greater effect, as shown by experience, make him pay double or triple compensation for the work performed during the day which the law grants the workman to recover his strength, but let no punishment befall him who, most of the time, either through ignorance or forced by poverty, feels the need to waive, in prejudice to his health, said valuable rest which is accorded to him by a humanitarian law not only for his own good, but for the good of the community in general."

The claim covers the period from January 1, 1954 to December 31, 1959. Decree No. 4 having been in force during the entire period covered by the claim, the dismissal sought by defendant municipality is clearly not in order. Therefore, the writ issued will be quashed and the case is remanded for further proceedings consistent with the pronouncements of this opinion.